BERTRAM FIELDS (SBN 024199)
BFields@GreenbergGlusker.com
CHARLES N. SHEPHARD (SBN 078129)
CShephard@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiff
Warren Beatty

FILED

2008 NOV 20  PM 2:04

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

WARREN BEATTY,

Plaintiff,

v.

TRIBUNE MEDIA SERVICES, INC. and DOES 1 through 10, inclusive,

Defendants.

Case No. **CV08-07662**  DSF (Ex)

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff, Warren Beatty ("Beatty"), alleges as follows:

## THE PARTIES

1.  Beatty is a resident of Los Angeles County.  He is an actor, director, writer and producer of motion pictures.

2.  Beatty is informed and believes, and based thereon alleges, that Tribune Media Services, Inc. ("Tribune") is a corporation with its principal place of business in Illinois.

3. Beatty is unaware of the true names and capacities of the defendants named herein as Does 1 through 10 inclusive, and therefore sues these defendants by such fictitious names. Beatty will seek leave of Court to amend this complaint to allege the true names and capacities of the Doe defendants when they have been ascertained.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this matter pursuant to 28 USC § 1332 because there is diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Tribune, and venue is proper in this court, because Tribune does sufficient business in and has minimum contacts with California in this judicial district.

## THE CLAIM

6. Prior to August 28, 1985 Tribune was the owner of the copyright and other rights in the cartoon character Dick Tracy and in various works embodying that character.

7. On or about August 28, 1985, by written agreement ("the Agreement"), Tribune assigned to Beatty motion picture, television and other rights in and to the Dick Tracy character (the "Tracy Rights").

8. Paragraph 9 of the Agreement provided a procedure whereby under certain circumstances the Tracy Rights would revert to Tribune. In general, Paragraph 9 of the Agreement provided that if a certain period of time had lapsed without Beatty having produced Dick Tracy programming, Tribune could give Beatty a written notice giving him two more years within which to commence

principal photography of a Dick Tracy motion picture, television series, or television special, and if Beatty did not commence principal photography within that two-year period, Tribune could provide a subsequent written notice by which the Tracy Rights would revert to it.

9. In or about 2005, Tribune took the position that it had taken the necessary steps for the Tracy Rights to revert to it. Beatty disputed this and the issue was litigated before this Court in Case No. CV05-3938, DDP (the "Initial Litigation").

10. The Initial Litigation involved, *inter alia*, the issue of whether Tribune had provided the requisite notices for the Tracy Rights to have reverted to it.

11. The Initial Litigation was dismissed in or about November 2006 because Tribune formally withdrew all previous notices, if any, which it had given pursuant to Paragraph 9 of the Agreement. At or about the same time, Tribune gave Beatty a new written notice that he had two years within which to commence principal photography of a Dick Tracy motion picture, television series, or television special. Specifically, in a letter dated November 17, 2006, Tribune advised Beatty as follows:

> "This letter shall serve as notice that [Tribune] intends to effect a reversion of all rights granted to [Beatty] pursuant to the Dick Tracy Agreement.... Unless, as required by Paragraph 9 of the Dick Tracy Agreement, you commence principal photography on 'another theatrical motion picture or television series or special' within two years after receipt of this notice, [Tribune] will provide you with another written notice, at which time all rights in the Dick Tracy Property will revert to [Tribune]."

12. Beatty received the November 17, 2006 letter on November 20, 2006, which meant that he had until November 20, 2008 within which to commence principal photography of a Dick Tracy motion picture, television series, or television special in order to prevent Tribune from providing a subsequent written notice purporting to effect a reversion.

13. On November 8, 2008, in advance of the November 20, 2008 deadline, Beatty commenced principal photography of a Dick Tracy television special.

14. Beatty gave written notice to Tribune that he was commencing principal photography of the Dick Tracy television special. Tribune responded by asserting that it still had the right to terminate Beatty's Tracy Rights and effect a reversion, and purported to do so.

15. Based upon the foregoing there is a dispute between the parties which requires resolution by and a declaration from the Court. Specifically Beatty contends that his commencement of principal photography of a Dick Tracy television special on November 8, 2008 is sufficient to preserve the Tracy Rights and precludes Tribune from providing a subsequent written notice seeking to effect a reversion of the Tracy Rights. Tribune, however, claims that it is entitled to effect a reversion of the Tracy Rights, and has purported to do so, notwithstanding the fact that Beatty commenced principal photography of a Dick Tracy television special on November 8, 2008.

16. A judicial declaration as to this dispute is necessary at this time in order for the parties to know their respective rights in and to the Dick Tracy property.

WHEREFORE, Beatty prays for judgment as follows:

1. For a judicial declaration that his commencement of principal photography of a Dick Tracy television special on November 8. 2008 (as well as his

subsequent work on the project) precludes Tribune from providing a written notice purporting to effect a reversion of the Tracy Rights; and

    2.    For his costs of suit incurred herein.

DATED: November 20, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: *[signature]*
CHARLES N. SHEPHARD
Attorneys for Plaintiff Warren Beatty

## DEMAND FOR JURY TRIAL

Beatty hereby demands a jury trial in connection with this action.

DATED: November 20, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
CHARLES N. SHEPHARD
Attorneys for Plaintiff Warren Beatty

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

### CV08- 7662 DSF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

BERTRAM FIELDS (SBN 024199)
CHARLES N. SHEPHARD (SBN 078129)
 cshephard@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Tel: 310.553.3610; Fax: 310.553.0687
Attorneys for Plaintiff, WARREN BEATTY.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BEATTY,<br><br>PLAINTIFF(S)<br>V.<br><br>TRIBUNE MEDIA SERVICES, INC., and DOES 1 through 10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br>**CV08-07662** (Ex)<br><br>SUMMONS |

TO:DEFENDANT(S): __TRIBUNE MEDIA SERVICES, INC.__

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Bertram Fields__, whose address is __1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067__ _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __NOV 20 2008__    By: __NATALIE LONGORIA__
                                Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

1198

---

CV-01A (12/07)
08599-00003/1665625.1

SUMMONS

American LegalNet, Inc.
www.USCourtForms.com